UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**TYRONE E. GEORGE,**
**TDCJ-CID NO. 02469271,**

Petitioner,

v. **No. 4:26-cv-0366-P**

**DIRECTOR, TDCJ-CID,**

Respondent.

## OPINION AND ORDER

Before the Court is the petition of Tyrone E. George under 28 U.S.C. § 2254. Having considered the parties' pleadings, the state-court record, and applicable authorities, the Court concludes that the petition must be **DISMISSED WITH PREJUDICE** as untimely.

## BACKGROUND

Petitioner is serving a sentence of 25 years' imprisonment following his conviction for unlawful possession of a firearm by a felon under Cause No. 1737689 in Criminal District Court No. 3, Tarrant County, Texas. ECF No. 16-1, Ex. A.[1] The judgment was entered on September 18, 2023. ECF No. 16-1, Ex. A. The Second Court of Appeals of Texas affirmed Petitioner's conviction on June 13, 2024. *George v. State*, No. 02-23-00261-CR, 2024 WL 2971678 (Tex. App.—Fort Worth June 13, 2024, no pet.) (mem. op., not designated for publication); ECF No. 16-1, Ex. C. He did not file a petition for discretionary review. ECF No. 16-1, Ex. D.

On December 11, 2024, Petitioner filed his state habeas application. ECF No. 16-1. Ex. E. *See Richards v. Thaler*, 710 F.3d 573, 578–79 (5th

---

[1] The page number references to the appendix to Respondent's answer are to "Page __ of 31" reflected at the top right portion of the document on the Court's electronic filing system.

Cir. 2013) (applying the prison mailbox rule to state habeas applications). On July 23, 2025, the Texas Court of Criminal Appeals ("CCA") denied his application without written order on the findings of the trial court and its independent review of the record. ECF No. 16-1, Ex. F. Petitioner's motion for reconsideration was postmarked on August 7, 2025, ECF No. 16-1, Ex. G, and dismissed by the CCA on August 13, 2025. ECF No. 16-1, Ex. H.

On March 17, 2026, Petitioner signed his federal habeas petition. ECF No. 1 at 15.[2] *See* RULES GOVERNING SECTION 2254 CASES FOR THE U.S. DIST. CTS. Rule 3(d) (applying the prison mailbox rule to federal habeas applications).

## GROUNDS OF THE PETITION

Petitioner raises four grounds in support of his petition, which he defines as illegal enhancement, illegal sentence, hearsay, and ineffective assistance of counsel. ECF No. 1 at 5–11.

## STATUTE OF LIMITATIONS

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] The page number references to the petition are to "Page __ of 19" reflected at the top right portion of the document on the Court's electronic filing system.

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A subsequent state petition, even though dismissed as successive, counts to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas application filed after the period of limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The period of limitations may also be subject to equitable tolling—an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden of showing that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re Wilson*, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way

from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro*, 294 F.3d at 682. Lack of legal acumen and unfamiliarity with legal process also do not justify equitable tolling. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629.

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386–87; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## ANALYSIS

Petitioner's judgment became final when the time to file a petition for discretionary review with the CCA expired; here, that was on July 13, 2024, thirty days after the Second Court of Appeals' judgment on June 13, 2024. ECF No. 16-1, Ex. C; Tex. R. App. P. 68.2. His federal petition was therefore due on Sunday July 13, 2025—extended to Monday July 14, 2025—absent tolling. 28 U.S.C. § 2244(d)(1)(A); FED. R. CIV. P. 6(a)(3) (extending filing deadlines to first accessible weekday that is not a legal holiday).

Petitioner's state application for writ of habeas corpus—which was filed on December 11, 2024, and denied on July 23, 2025—tolled the limitations period by 225 days. 28 U.S.C. § 2244(d)(2); ECF No. 16-1, Ex. E–F. The limitations period was further tolled for "as long as the Texas courts [took] to resolve [his] motion or suggestion for reconsideration;" in this case, the seven days between August 7 and August 13, 2025.

*Emerson*, 243 F.3d at 935; ECF No. 16-1, Ex. G–H.[3] Thus, the limitations period was statutorily tolled for 232 days and expired on March 3, 2026—fourteen days before Petitioner filed his federal petition on March 17, 2026. ECF No. 1 at 15.

Anticipating that his petition may be untimely, Petitioner claims that since August 2025 prison officials have delayed his habeas petition by preventing him from paying the filing fee. ECF No. 1 at 13–14 (vaguely referencing dismissals in earlier § 2254 cases for failure to pay the filing fee and complaining of retaliation by prison officials); ECF No. 20 at 4–7 (enclosing grievances complaining of denial of access to the court due to prison officials' failure to process his filing fee payment). Petitioner provides no support for this claim, instead inviting the Court to investigate the prison's records. ECF No. 1 at 14. Regardless, the timeliness of the petition is determined by the date it is filed, not the date the fee is paid, and Petitioner does not allege that prison officials prevented him from filing his petition.

Petitioner also claims that the Court should apply equitable tolling because he pursued his claim with due diligence. ECF No. 20 at 1. But equitable tolling requires both due diligence *and* extraordinary circumstances, *Holland*, 560 U.S. at 649, and Petitioner has not demonstrated either. He has been given multiple opportunities across two prior habeas petitions to pay the $5 filing fee, but has repeatedly failed to do so. *See Tyrone E. George v. Director, TDCJ-CID*, No. 4:25-cv-00924-P (N.D. Tex. Nov. 4, 2025); *Tyrone E. George v. Director, TDCJ-CID*, No. 4:25-cv-01428-P (N.D. Tex. Mar. 2, 2026). This Court ultimately determined that Petitioner "made contradictory representations regarding his ability to pay and requests that payment be made from his inmate trust account." ECF No. 13 in No. 4:25-cv-01428-P (N.D. Tex. Mar. 2, 2026). Likewise, Petitioner's claim in the instant case that prison officials prevented him from filing his petition

[3] Respondent argues that Petitioner's Motion for Reconsideration does not toll the limitations period because Texas Rule of Appellate Procedure 79.2 prohibits habeas petitioners from filing such motions. ECF No. 16 at 6. But the Fifth Circuit has considered and rejected this argument, noting that "the Texas Court of Criminal Appeals has entertained motions for reconsideration, notwithstanding the language in . . . Rule 79.2(d)." *Emerson*, 243 F.3d at 934.

or paying the filing fee are unsubstantiated. Petitioner's filings instead indicate that he did not properly submit his payment requests to prison authorities. ECF No. 20, Ex. B.

Lastly, Petitioner argues that under Federal Rule of Civil Procedure 15(c), his current petition relates back to his two prior timely petitions which were dismissed for failure to pay the filing fee. ECF No. 18 at 4. But Rule 15(c) applies when a pleading is amended, *see* FED. R. CIV. P. 15(c), and his current petition is not an amendment of the previously dismissed petitions.[4]

## CONCLUSION

For the reasons discussed, the petition is **DISMISSED WITH PREJUDICE** as untimely.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **13th day** of **October 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

[4] Petitioner does not argue that the actual innocence exception to the statute of limitations applies.